Jessie K. OWENS, Appellant,

v.

KROEHLER MANUFACTURING COMPANY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1970.

Rehearing Denied Jan. 15, 1971.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

Stuart Alexander, Louisville, for Kroehler Manuf. Co. and Liberty Mutual Ins. Co.

Martin Glazer, Thomas R. Emerson, Dept. of Labor, Frankfort, for Special Fund.

REED, Judge.

This appeal in a workmen's compensation case confronts us again with the fundamental problem of the extent of the exclusive character of the "schedule of benefits" statute (KRS 342.105) in those instances where an injury occurs that is specified and is compensable in an amount certain under the "schedule of benefits," but the disability caused by the injury would be compensated at a greater amount than provided if the schedule is not considered exclusive.

Jessie K. Owens, an industrial machine operator for Kroehler Manufacturing Company, injured his left eye while at work when a piece of wood struck it. The accident occurred in October, 1968, and the claim is governed and was adjudicated under the compensation law as it then existed.

Owens lost the sight of his left eye as the result of the injury. All of the medical evidence established that before the accident Owens' vision in both eyes was correctable to normal with glasses; after the injury, although his right eye sustained some small visual loss because of normal aging process entirely unrelated to the loss of vision in his left eye, the right eye was, nevertheless, still correctable to normal vision with glasses. It was also established that the occupational disability of Owens is extensive because he can no longer pursue any occupation that involves working on machinery with moving parts or any other type of industrial employment that requires normal depth perception. The loss of depth perception is caused solely by the loss of sight in the left eye.

The employee claimed total and permanent disability under KRS 342.095. The Special Fund was made a party to the compensation proceedings because the employee also asserted that he had a visual defect prior to the 1968 injury and that his resulting disability was greater than the addition of the alleged prior disability and the disability caused by the subsequent injury. The Workmen's Compensation Board decided that the Special Fund had no liability to Owens and dismissed the claim as to it. The Board also held that Owens was entitled to compensation from his employer in the amount and for the period prescribed in the "schedule of benefits" statute (KRS 342.105). Owens appealed to the circuit court where the Board's decision was affirmed. Then Owens appealed to this court.

The precise contention Owens makes on this appeal was decided adversely to his argument in Holt v. West Kentucky Coal Company, Ky., 350 S.W.2d 155 (1961); moreover, the judicial construction of KRS 342.105 as contrasted with KRS 342.095 made in *Holt* was expressly approved and followed in Stewart v. Workmen's Compensation Board, Ky., 407 S.W.2d 723 (1966). We will not repeat here the exhaustive treatment of the subject made in *Holt*. In that case we held that where the employee's disability is caused *solely* by an injury specified in KRS 342.105 and for which compensation is provided in an amount certain, the Board may neither increase nor decrease that amount *regardless of the actual disability resulting therefrom.*

Although the parties to this appeal do not cite either *Holt* or *Stewart*, they do refer to and discuss Cabe v. Stamps, Ky., 429 S.W.2d 361 (1968) and Illini Exploration, Inc. v. Ashby, Ky., 430 S.W.2d 330 (1968). In

*Cabe* the employee was practically blind in one eye since birth, the industrial injury deprived him of the sight of the other eye. We held that the employer was responsible only for the "schedule of benefits" amount provided in KRS 342.105; nevertheless, we also held that his disability was total and assessed additional compensation to the Special Fund over and above that assessed against the employer, so that the employee received compensation in the amount provided by the Workmen's Compensation Act for total and permanent disability not limited by the schedule of benefits. Also, in *Ashby* we followed the theory that where the loss of a member extends to other parts of the body so that it affects the employee's ability to labor and limits his occupational opportunities, then KRS 342.105 is not exclusive. Neither *Cabe* nor *Ashby* discussed *Holt* or *Stewart*. There are unfortunate statements of obiter dictum in *Cabe* and *Ashby*, but the true holdings in those cases are not inconsistent with *Holt* and *Stewart*. In *Cabe* the employee had a prior disabling condition (the loss of sight in one eye) by definition in KRS 342.105. The employer's liability for loss of the sight of the other eye was limited by KRS 342.105. In *Ashby* the disability was not caused solely by the injury specified in KRS 342.105, but involved other parts of the body; hence, by liberal construction we required the employer to pay an amount greater than that specified for the mere loss of a member.

In this case, the employee had no prior disabling condition, and all of the evidence established that his disability was caused solely by the loss specified and compensable under KRS 342.105. The case falls squarely under our construction of the statute made in *Holt* and *Stewart*. Neither did the employee here have any dormant non-disabling condition caused by disease. The Special Fund had no liability. The employer was responsible for the amount provided in KRS 342.105.

We are fortified in our conclusion that the statutory construction made in *Holt* and *Stewart* was correct by the action of the 1970 General Assembly. At that session KRS 342.105 was amended, effective as of February 17, 1970, to now provide that if any of the injuries or disabilities specified adversely affects an employee's ability to labor or limits his occupational opportunities to obtain the kind of work he is customarily able to do, his compensation benefits shall not be limited by KRS 342.105, and he shall be awarded compensation benefits under other applicable or appropriate sections of the chapter on workmen's compensation. Thus, the legislature has made a policy change which we recommended, at least inferentially, in *Holt.*

The judgment is affirmed.

All concur.