**William Russell PRESTON, Appellant,**

**v.**

**ELM HILL MEATS, INC., et al., Appellees.**

Court of Appeals of Kentucky.

March 31, 1972.

As Modified on Denial of Rehearing
June 23, 1972.

Harbison, Kessinger, Lisle & Bush, Gilliam & Bush, Lexington, for appellant.

John W. Morgan, Lexington, for Elm Hill Meats, Inc., and Liberty Mutual Insurance Co.

Martin Glazer, Department of Labor, Frankfort, for Special Fund and Workmen's Compensation Board.

NEIKIRK, Judge.

This is an appeal from a judgment of the Fayette Circuit Court affirming an opinion and order of the Workmen's Compensation Board dismissing William Russell Preston's motion to reopen and review a prior award of the Board. As a result of an industrial accident while employed by Elm Hill Meats, Inc., Preston's right arm was amputated. He was sixteen years old at the time. Preston and his mother, as his legal guardian, entered into a settlement for the loss of the arm under the schedule-of-benefits statute, KRS 342.105. This agreement

was approved by the Board and thus became an award.

Subsequent to the settlement and award, Preston filed a common law action in the Fayette Circuit Court. Summary judgment was granted dismissing Preston's complaint. On appeal, the judgment of the Fayette Circuit Court was affirmed. Preston v. Elm Hill Meats, Inc., Ky., 420 S.W.2d 396 (1967).

Subsequent to the holding in Preston v. Elm Hill Meats, Inc., supra, Preston filed a motion with the Workmen's Compensation Board seeking to reopen and review the Board's initial award, alleging fraud in obtaining the original settlement, mutual mistake of fact and law, and change of physical condition. The motion was dismissed by the Board after a full hearing on the merits, and this ruling was affirmed on appeal to the Fayette Circuit Court. Preston appeals. We affirm.

■ Appellant contends that by mistake he was limited in recovery to the schedule of benefits under KRS 342.105, whereas he is entitled to compensation under KRS 342.110 or KRS 342.095. There was no showing that appellant's injury affected any part of his body other than the arm. Dr. David Hall testified that the appellant was totally disabled, but this determination was based solely on the loss of the arm. The Board properly found the schedule-of-benefits statute to be exclusive. Owens v. Kroehler Manufacturing Co., Ky., 461 S.W.2d 103 (1970).

As grounds for a reopening and review of the Board's original award, the appellant asserts: (1) A misunderstanding existed as to the appellant's future condition and employability with the employer; (2) because he could not perform the occupation of his choice he was totally disabled under the test existing prior to Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968); and (3)

the employer broke a promise to the appellant that had been made at the time of the award.

■ The alleged misunderstanding concerning the appellant's future condition and employability does not constitute a ground to reopen the award. Young v. Charles F. Trivette Coal Co., Ky., 459 S.W. 2d 776 (1970). The determination that the appellant's injury did not extend to his whole body and that the schedule-of-benefits statute is exclusive precludes the claim for total disability. Owens v. Kroehler Manufacturing Co., supra. The evidence establishes that the employer promised to hire the appellant after he left the hospital. Although he was hired, the appellant was fired shortly thereafter from his position as dispatcher. He was dismissed, according to his testimony, on a charge by his employer that he made too many mistakes. We find no broken promises made by the employer that would require the reopening of the award.

■ Appellant contends that his employer violated the Child Labor Act by permitting him to work with power-driven machinery without proper tools and that he was entitled to receive a 15% increase in compensation under KRS 342.165. Assuming, arguendo, that the employer violated some of its statutory duties, we fail to perceive how that circumstance could permit the reopening of a claim that had been settled or prosecuted to an award.

Appellant's final contention is that he should not be precluded from asserting his right to reopen the original award merely because he brought a prior action for damages at common law, which was subsequently dismissed. The appellant was not so precluded because the Board held a hearing and dismissed the claim on its merits.

The judgment is affirmed.

All concur.