Seretha CHILDERS, widow of Luegean Childers, and Samuel Childers, an infant, and Donald Childers, an infant, and Victoria Carlisle, widow of Ronald Lee Carlisle, and Christopher James Carlisle, an infant, Appellants,

v.

INTERNATIONAL HARVESTER CO. and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Opinion July 15, 1977.

Discretionary Review Denied Nov. 14, 1977.

Ordered Published Aug. 11, 1978.

Ann B. Oldfather, Wyatt, Grafton & Sloss, Louisville, Joe G. Leibson, Louisville, for appellants.

Carl Arthur Henlein, Middleton, Reutlinger & Baird, Louisville, for appellees.

Before HOWARD, LESTER and WILHOIT, JJ.

WILHOIT, Judge.

On September 23, 1974, Ronald Carlisle, age 27, and Luegean Childers, age 35, died

due to inhalation of carbon monoxide gas while relining a cupola (furnace) in the course of their employment with International Harvester Company. On October 4, 1974, Victoria Carlisle, Ronald's widow, entered into an "Agreement Between Employer and the Dependents of a Deceased Employee as to Compensation" in which International Harvester agreed to pay compensation at the rate of $84.00 per week to Mrs. Carlisle and her infant child. On October 8, 1974, Seretha Childers, Luegean's widow, entered such an agreement also providing for payment of $84.00 per week to her and her infant children. On October 14, 1974, the Board entered an order approving the agreement as to Seretha Childers. On November 12, 1974, Victoria Carlisle and Seretha Childers each filed an Application for Adjustment of Claim with the Board alleging various safety violations under KRS 342.165. On November 18, 1974, the full Board entered an order approving the agreement between International Harvester and Victoria Carlisle.

On November 19, 1974, the Kentucky Department of Labor, Division of Occupational Safety and Health Compliance, issued a citation to International Harvester for 3 safety violations: excessive employee exposure to carbon monoxide, failure to provide respirators, and improper planning and rescue equipment in case of emergency. Included in the citation was notification of a proposed penalty of $700.00. On July 7, 1975, Victoria Carlisle filed a motion and affidavit in which she requested that the Board increase the award on the grounds that "there was mistake and/or fraud and/or newly discovered evidence which would entitle her and her child, dependents of the deceased, to the 15% penalty provided for in the Act." She stated that at the time she entered the agreement she did not know that International Harvester was guilty of violating KRS 342.165. On July 9, 1975, Seretha Childers filed a motion and affidavit containing the same allegations and also requesting an increase in the award. On July 28, 1975, the full Board entered an order in each case stating that "[w]e find that plaintiff has made sufficient

showing to justify reopening the claim upon the basis of newly discovered evidence."

On August 29, 1975, International Harvester filed a motion to dismiss the affidavits and motions to reopen of both Victoria Carlisle and Seretha Childers. On September 5, 1975, a hearing before a hearing officer of the Board was held at which one counsel appeared representing both Victoria Carlisle and Seretha Childers.

On January 5, 1976, the Board sustained International Harvester's motion to dismiss as to both Victoria Carlisle and Seretha Childers. On January 19, 1976, a petition for reconsideration was filed in each case. On February 9, 1976, the Board overruled Victoria Carlisle's petition for reconsideration; however, on February 23, 1976, the Board entered an order setting aside its order of January 5, 1976, and sustaining Victoria Carlisle's petition for reconsideration.

Finally, on March 1, 1976, an order was entered in the Carlisle case setting aside the order of February 23, 1976, "for the reason that this case has been appealed to the Jefferson Circuit Court," and reinstating the order of February 9, 1976. An order of March 1, 1976, was entered in the Childers case overruling the petition for reconsideration.

On February 23, 1976, an appeal was filed in Jefferson Circuit Court by both Mrs. Carlisle and Mrs. Childers, and the children of each, requesting that the court order the Board to reopen the awards. The petition was dismissed on October 27, 1976, and this appeal was taken from the order of dismissal.

Appellants argue that under KRS 342.-125, which provides for review by the Board of any award upon "a showing of change of conditions, mistake or fraud or newly discovered evidence", the court erred in sustaining the dismissal of their motions for review. In their affidavits supporting their motions both Mrs. Childers and Mrs. Carlisle alleged that they were not aware of any violation of safety regulations by International Harvester at the time the settle-

ment agreements were made. Copies of the reports outlining the various violations found by the state Department of Labor Occupational Safety and Health Compliance Officer were attached. According to appellants the affidavits and attachments made an initial showing of either mistake of fact at the time the settlements were signed or of newly discovered evidence thereafter. No counter-affidavits were filed on behalf of International Harvester.

■ Appellee, International Harvester, insists dismissal of the motions for review was appropriate since no statutory penalty is recoverable in a workmen's compensation proceeding for violation of the Kentucky Occupational Safety and Health Act, KRS Ch. 338 [hereinafter KOSHA]. KRS 338.021(2) provides:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any manner the common-law or statutory rights, duties, or liabilities of employers or employes, under any law with respect to injuries, diseases, or death of employes arising out of, or in the course of employment.

According to International Harvester, in cases of the violation of KOSHA, this statute precludes the assessment of the 15% penalty provided for in the workmen's compensation statute (KRS 342.165) for intentional failure of an employer to comply with safety statutes or regulations. We do not believe such an interpretation of KRS 338.021(2) was intended by the General Assembly. To accept that interpretation, as pointed out by appellants, would limit the application of KRS 342.165 to situations involving the employment of children or minors (KRS Chs. 339, 351, and 352). The purpose of KRS 338.021(2) rather seems to be the preclusion of independent civil actions based on violations of KOSHA. *See Russell v. Bartley,* 494 F.2d 334 (6th Cir. 1974).

■ Appellee next argues that a motion for review of an award may not be used to recover the 15% statutory penalty. It cites *Preston v. Elm Hill Meats, Inc.,* Ky., 483 S.W.2d 136 (1972), as authority for this position. In that case the claimant had filed a motion with the Board to review its award to him which had approved the settlement made between him and his employer. Among other grounds put forth by him to sustain his motion, he contended that his employer had violated safety provisions of the Child Labor Act and that he was, therefore, entitled to receive a 15% increase in compensation. The Court held that, even assuming such a violation had taken place, that circumstance would not permit the reopening of a compensation claim which had been settled or prosecuted to an award. *Preston, supra,* stands for the proposition that the violation of a safety statute which might have resulted in the assessment of a penalty is not in and of itself a sufficient ground for review of an award. In this case, however, the claimant has asked for review on the basis of mistake of fact or newly discovered evidence. *Preston* is silent on this question.

These same arguments made here were made by International Harvester before the Board and apparently were the basis of the Board's initial decision not to review either of the two claims. With this in mind, the judgment herein is reversed with directions that the court remand this case to the Board to determine whether a reasonable prima facie preliminary showing of the existence of a substantial possibility of the presence of one or more of the prescribed statutory conditions has been made, in accord with the rule announced in *Stambaugh v. Cedar Creek Mining Co.,* Ky., 488 S.W.2d 681 (1972).

All concur.