**Diana WHEELER, Appellant,**

v.

**The ANDREW JERGENS COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 13, 1985.

Frank E. Haddad, Jr., Gary R. Hillerich, J.D. Buckman, Eric Farris, Louisville, for appellant.

Russell H. Saunders, Handmaker, Weber, Meyer & Rose, Louisville, for appellee.

Before COMBS, REYNOLDS and WHITE, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Bullitt Circuit Court, directing a verdict in favor of appellee in a products liability-negligence-breach of warranty action.

Appellant, Diana Wheeler, purchased a bottle of "Gee Your Hair Smells Terrific" shampoo from Taylor Drug Store # 36 in Bullitt County on October 30, 1981. The product is manufactured by appellee, The Andrew Jergens Company.

Appellant opened the new bottle and applied the shampoo to her hair, but she instantly realized something was wrong. Appellant described her experience as follows:

> Well, it was ... I just started to ... it started to smothering me and I got into a panic trying to get it off and that's all. Then I was trying to get it off because I was smothering and trying to holler, get my breath to holler for my husband to get in there.
>
> ...
>
> I hollered and I got out of the shower to try to get my breath and I hollered and I went into a panic trying to get it off. My husband ... I got to the door and I got a towel. My husband came running

into the door and I told him ... I was trying to get it off and he told me, "What's the matter?" I told him ... he said I was hollering at that point. I was scared and hollering and he told me to get ready that he would take me on to the hospital.

Appellant's husband took her to Audubon Hospital in Louisville, Kentucky, which referred her to a local dermatologist, Dr. Logsdon. Dr. Logsdon stated that appellant lost approximately 80% of her hair over her entire scalp, and opined that the shampoo's excessive alkalinity caused the resulting hair loss.

At the conclusion of appellant's case-in-chief, the trial court directed a verdict in favor of appellee. The court concluded that the shampoo was modified by a third person, and held that KRS 411.310 and KRS 411.320 impose "no liability on a manufacturer if the product is altered or modified by others without its specifications or instructions."

Appellant argues that the trial court erred in directing a verdict in favor of appellee. As we noted in *Grant v. Wrona*, Ky.App., 662 S.W.2d 227 (1983), the only question before the court on a motion for a directed verdict is whether the plaintiff has sustained the burden of proof by more than a scintilla of evidence. In ruling on the motion the court must draw all fair and rational inferences from the evidence in favor of the party opposing the motion.

In the case before us, appellant's evidence shows that she bought a bottle of "Gee Your Hair Smells Terrific" shampoo from a Taylor drug store. Appellant testified that she opened the new bottle of shampoo and poured the product on her hair, experienced an immediate burning sensation, and subsequently lost nearly all her hair. We think that reasonable minds could easily conclude from the evidence that appellee's shampoo caused appellant's hair loss. Whether or not the product was subsequently modified by a third person is a question of fact for the jury. The trial court clearly erred by settling that issue in

favor of appellee at the close of appellant's case.

■ Even if the evidence establishes that appellee's shampoo was tampered with by a third person, we do not think a directed verdict is appropriate in this case. If appellant convinces a jury that a reasonably prudent manufacturer would have sealed its product before placing it on the market, appellant can recover for appellee's negligence in failing to do so. In the alternative, appellant could establish that the shampoo bottle was defectively designed and recover from appellee under Kentucky's Products Liability Act.

■ In cases of this nature, we prefer to place the risk of personal injury and property damage with the manufacturer rather than the consumer. In *Embs v. Pepsi Cola Bottling Company of Lexington,* Ky., 528 S.W.2d 703 (1975), our Supreme Court expressed the public policy in the state as follows:

> Our expressed public policy will be furthered if we minimize the risk of personal injury and property damage by charging the cost of injuries against the manufacturer who can procure liability insurance and distribute its expense among the public as a cost of doing business[.] ... The imposition of strict liability places no unreasonable burden upon sellers because they can adjust the cost of insurance protection among themselves in the course of their continuing business relationship. [Citations omitted]. *Id.* at 705.

We conclude that the motion for a directed verdict should have been denied and appellee should have been required to come forward with its evidence.

The judgment of the Bullitt Circuit Court is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.