812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George Ralph SMITH, Plaintiff-Appellant,
v.
BAKER-PERKINS, INC., Defendant-Appellee.
 No. 86-5053.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1987.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant George R. Smith (Smith) appealed from the district court's order denying his motion for a new trial in this products liability action commenced under Kentucky law. The action arose from an injury sustained while Smith was operating an "industrial vacuum batch mixer" manufactured by defendant-appellee Baker-Perkins, Inc. (Baker-Perkins).
 
 
 2
 Smith was an employee of Tremco, Inc. (Tremco) in Barbourville, Kentucky. Tremco had purchased the industrial mixer in 1979 from Aaron Equipment Company (Aaron), a dealer in used industrial equipment. Baker-Perkins had manufactured the batch mixer in 1954 as a custom order for Ansbacher-Siegel Corporation. During 1976, upon learning that Aaron was dealing in used old equipment that it had manufactured, Baker-Perkins notified Aaron by letter that:
 
 
 3
 [t]here may ... be long-term aging effects that tend to make the equipment no longer suitable for safe operation. Additionally, prior owners may have made modifications in such equipment without notice to us and in the absence of our authorization. Such modifications could affect the originally designed capabilities of the unit.
 
 
 4
 The written notice directed Aaron to furnish its purchasers of Baker-Perkins machinery a form letter by which the purchasers could request information from Baker-Perkins that would facilitate updating Baker-Perkins equipment. Although the record did not disclose whether Aaron forwarded the Baker-Perkins form notices to Tremco, Tremco never requested information from Baker-Perkins necessary to upgrade its equipment.
 
 
 5
 After purchasing the Baker-Perkins mixer from Aaron, Tremco installed it without assistance from Baker-Perkins and without benefit of available installation instructions. Tremco never obtained or made effort to obtain an installation or operating manual from Baker-Perkins.
 
 
 6
 The mixer had been modified by prior owners in two material respects before Tremco purchased it. First, a two-inch angle iron had been added to the top lip of the tub.[1] Second, a "micro" or "limit" safety switch had been removed from the hydraulic tilt control. The switch was designed as a safety measure to prevent the tub from moving into the dump position unless the operator was manually holding the tilt control in the down position. Thus, the operator was prevented from being beneath the tub when it was dumping because he was manually operating the tilt control switch which was physically located a safe distance from the immediate dumping area. Stated another way, unless the operator was holding the tilt control in the down position, the tub would not dump and would automatically return to an upright safe position.
 
 
 7
 On December 13, 1979, Smith was operating the mixer while standing on the "slugger" when the tub moved into the dump position and crushed his left foot between the slugger and the angle iron installed by previous owners of the equipment causing injuries to Smith which resulted in the partial amputation of his foot.
 
 
 8
 On December 12, 1980, Smith commenced this action against Baker-Perkins in the District Court for the Eastern District of Michigan. Federal jurisdiction was invoked upon diversity of citizenship. The case was transferred to the Eastern District of Kentucky on February 10, 1982, and tried before a jury.
 
 
 9
 At the conclusion of the trial, the district court's instruction to the jury included the following language:
 
 
 10
 The defendant, Baker-Perkins, Inc., is liable to the plaintiff only for the personal injury that would have occurred if the mixer had been used in its original, unaltered and unmodified condition. "Alteration or modification" shall include failure to observe routine care and maintenance, but shall not include ordinary wear and tear. This applies to alterations or modifications made by any person or entity, except those made in accordance with specifications or instructions furnished by the manufacturer.
 
 
 11
 The court also submitted the following special interrogatory to the jury: "[w]ould the injury to the plaintiff have occurred if the mixer had been used in its original, unaltered and unmodified condition?" Smith objected only to the omission of the following words from the interrogatory: "except ordinary wear and tear". The jury answered the interrogatory in the negative, and judgment was entered for Baker-Perkins.
 
 
 12
 Smith filed a timely motion for a new trial and argued that the Kentucky Court of Appeals decision in Wheeler v. Andrew Jergens Co., 696 S.W.2d 326 (Ky.App.1985), which had not acquired precedential status until after the jury verdict, permitted recovery under circumstances where injuries resulted from post manufacture modifications completed by others. Smith conceded that the mixer had been modified and that the modifications were material. The court denied the motion, and Smith timely appealed.
 
 
 13
 The district court's instructions and interrogatory were proper under Ky.Rev.Stat. Sec. 411.320(1):
 
 
 14
 (1) In any product liability action, a manufacturer shall be liable only for the personal injury, death or property damage that would have occurred if the product had been used in its original, unaltered and unmodified condition. For the purpose of this section, product alteration or modification shall include failure to observe routine care and maintenance, but shall not include ordinary wear and tear. This section shall apply to alterations or modifications made by any person or entity, except those made in accordance with specifications or instructions furnished by the manufacturer.
 
 
 15
 The Kentucky Court of Appeals' decision in Wheeler, supra, did not alter the validity of the instruction. In Wheeler, the plaintiff had purchased a bottle of defendant's shampoo at a local drugstore. An unidentified person had tampered with the shampoo by adding an alkaline substance. When the plaintiff used the shampoo, it burned her scalp and caused her 80% hair loss. The trial court directed a verdict for the defendant concluding that Sec. 411.320(1) barred recovery because someone had modified the product. The Court of Appeals reversed in an opinion that incorporated the following statement: "[w]hether or not the product was subsequently modified by a third person is a question of fact for the jury. The trial court clearly erred by settling that issue in favor of [defendant] at the close of [plaintiff's] case." Id. at 327-28. The court continued its opinion and concluded:
 
 
 16
 Even if the evidence establishes that appellee's shampoo was tampered with by a third person, we do not think a directed verdict is appropriate in this case. If appellant convinces a jury that a reasonably prudent manufacturer would have sealed its product before placing it on the market, appellant can recover for appellee's negligence in failing to do so. In the alternative, appellant could establish that the shampoo bottle was defectively designed and recover from appellee under Kentucky's Products Liability Act.
 
 
 17
 Id. at 328.
 
 
 18
 Smith has relied upon Wheeler for the proposition that the jury, if properly instructed, could have concluded that Baker-Perkins was liable for its failure to warn him and Tremco about the danger inherent to the modification.[2] Smith has misinterpreted the teaching of Wheeler which merely explained that, under circumstances where the existence of a modification to equipment was placed in issue, resolution of that factual issue was a jury question. In this case the jury issue was not joined because Smith conceded that material modifications of the mixer had been made. The Kentucky Supreme Court has clearly indicated that "[t]he entire tenor of the Products Liability Act is to restrict and limit actions concerning products liability." Reda Pump Co. v. Finck, 713 S.W.2d 818 (Ky.1986). The Wheeler case, therefore, cannot be interpreted to impose a duty upon the manufacturer of industrial equipment, which was sold to a purchaser 25 years before the asserted tort and which was resold on numerous occasions to other subsequent purchasers, to warn all subsequent purchasers that modifications may have created safety hazards. The unambiguous meaning of Ky.Rev.Stat. Sec. 411.320(1) precludes recovery where the injury would not have occurred absent modifications to the product, and the district court did not, therefore, improperly instruct the jury on the issue. Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 The "tub" was a 300 gallon bowl-like container which held the substance being mixed. It operated like a hydraulic dump truck when it unloaded the substance into the "slugger" or catch basin. When in the dump position, the angle iron which materially modified the design of the batcher rested on the slugger and was intended to prevent the mixture from spilling over the front of the tub
 
 
 [2]
 To support his failure to warn theory, Smith argued further that the letter warning Aaron of possible safety hazards resulting from modifications was ineffective as to him. See Montgomery Elevator Co. v. McCullough, 676 S.W.2d 776, 782 (Ky.1984) (letter warning purchaser of an escalator manufactured by the defendant that there were certain safety problems with the escalator is not a defense to a suit brought by a member of the public not so warned)