963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mickey WILLIAMS, Plaintiffs-Appellants,
and
FIREMAN'S FUND INSURANCE COMPANY,
v.
J.I. CASE COMPANY, Defendants-Appellees,
and
Harlo Corporation South State Contractors, Inc., Third Party
Defendants.
 No. 91-5706.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1992.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges and COHN* District Judge.
 PER CURIAM.
 
 
 1
 While performing work for his employer South State Contractors, Inc. ("South State"), Mickey Williams fell from a work basket held aloft by a forklift manufactured by defendants J.I. Case Company ("Case") and Harlo Corporation ("Harlo"). After recovering worker's compensation, Williams and South State's insurance carrier, Fireman's Fund, brought this action against Case and Harlo alleging negligence, strict liability, breach of express and implied warranties, and failure to warn. The defendants filed a third party complaint against South State. The breach of warranty claims were dismissed on summary judgment prior to trial. After a bifurcated trial as to liability only, the jury returned a verdict in favor of Case and Harlo, finding that the accident was caused by the negligence of Williams and South State.[1] For the reasons that follow, we affirm.
 
 
 2
 * Mickey Williams was employed by South State to hang sheet metal siding on an airplane hangar being constructed in Lexington, Kentucky. To allow Williams to reach the upper portions of the hangar, South State attached a work basket to the forks of a forklift it had purchased from Case. While working at an elevation of approximately twenty-eight feet, the basket in which Williams and a co-worker were standing detached from the forklift. Williams sustained substantial injuries in the fall.
 
 
 3
 The mechanism that raised, lowered, and supported the forks was manufactured and supplied to Case by Harlo. The design called for the forks to be held in place by roll pins that could be removed to facilitate transportation of the forklift. The roll pin supporting the fork to which Williams's work basket was attached had been removed and was not replaced. The absence of the roll pin caused Williams's basket to detach.
 
 II
 
 4
 Case and Harlo defended on the grounds that the failure of South State to replace the roll pins was the proximate cause of William's injuries. During the course of the trial, the defendants introduced testimony concerning the requirements of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651 et seq., the Kentucky Occupational Safety and Health Act ("KOSHA"), Ky.Rev.Stat.Ann. ch. 338, and the compliance of Williams's employer, South State, with those requirements. In addition, the district court instructed the jury that South State had a duty to exercise ordinary care to furnish Williams with a safe workplace and safe work equipment and that this duty included complying with various KOSHA regulations. The jury found that South State had violated its duty to Williams but that neither defendant violated its duty to Williams. Williams objected to both the testimony and the jury instruction.
 
 
 5
 The federal government and the Commonwealth of Kentucky have respectively adopted OSHA and KOSHA legislation to protect worker safety. With respect to this case, the relevant provisions of each statute, and the regulations promulgated under it, are identical.[3] Each provides:
 
 
 6
 Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.
 
 
 7
 29 U.S.C. § 653(b)(4); Ky.Rev.Stat.Ann. § 338.021(2).
 
 
 8
 Williams urges that this provision prohibits the admission of OSHA or KOSHA regulations, or noncompliance therewith, as evidence of an employer's standard of care or as establishing negligence per se. The Kentucky courts have interpreted section 338.021(2) as meaning only that KOSHA does not establish an independent cause of action; it does not preclude the use of KOSHA regulations as a basis of liability in a cause of action established in another statute or at common law. Kentucky Utils. Co. v. Auto Crane Co., 674 S.W.2d 15, 17 (Ky.App.1983); Barmet of Kentucky, Inc. v. Sallee, 605 S.W.2d 29 (Ky.App.1980); Childers v. International Harvester Co., 569 S.W.2d 675, 677 (Ky.App.1977). Kentucky law is clear that, where applicable, KOSHA regulations may establish the relevant standard of care.
 
 
 9
 Williams argues to the contrary that Kentucky law is unsettled and cites Stinnett v. Buchele, 598 S.W.2d 469 (Ky.App.1980). This reliance is misplaced. Stinnett held only that the cause of action itself may not be derived from KOSHA and, therefore, does not contradict the principle that KOSHA may be used to establish the standard of care under an existing cause of action. See id. at 471-72. Several federal circuit courts are in accord with this position. See Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231, 1238 (5th Cir. Unit B 1982); Pratico v. Portland Terminal Co., 783 F.2d 255, 264-66 (1st Cir.1985); Donovan v. General Motors, 762 F.2d 701, 705-06 (8th Cir.1985).
 
 
 10
 Williams next argues that even if Kentucky law would impose the KOSHA regulations as South State's standard of care, Kentucky law is preempted by OSHA. In the Sixth Circuit, his argument continues, OSHA § 653(b)(4) bars the admission of OSHA regulations as evidence of the standard of care. Assuming that Williams's construction of Sixth Circuit precedent is correct,[4] the preemption argument fails. The decision of the Kentucky courts to allow KOSHA to establish the standard of care is a matter of state tort law. It is well-established that OSHA does not preempt state tort law. See Pedraza v. Shell Oil Co., 942 F.2d 48, 53 (1st Cir.1991); National Solid Wastes Management Ass'n v. Killian, 918 F.2d 671, 680 n. 9 (7th Cir.1990).
 
 III
 
 11
 On Williams's strict liability claim, the district court instructed the jury that:
 
 
 12
 J.I. Case Company and Harlo Corporation are liable only for the injuries, if any, that would have occurred if the forklift had been used in its original, unaltered and unmodified condition. For purposes of this instruction, product alteration or modification includes the failure to observe routine care and maintenance.
 
 
 13
 This instruction follows the language of the Kentucky Products Liability Act, Ky.Rev.Stat.Ann. § 411.320(1).[5]
 
 
 14
 The question before us is whether a reasonable person could have found the removal of the roll pin to be an alteration or modification within the meaning of the products liability statute and therefore it was error to give the instruction. We have held that removing a machine part is an alteration or modification of the product. See Hutt v. Gibson Fiber Glass Prods., Inc., 914 F.2d 790, 794 (6th Cir.1990) (removal of grounding wire from boat constitutes an alteration or modification). Williams attempts to distinguish Hutt on general tort law principles; specifically, that the removal there was not foreseeable. However, this circuit has refused "to read the common law concept of foreseeability ... into the Product Liability Act." Hines v. Joy Mfg. Co., 850 F.2d 1146, 1151 (6th Cir.1988) (refusing to import Restatement (Second) of Torts § 402A into the Kentucky Products Liability Act). Therefore, the jury was entitled to find the removal of the roll pin to be an alteration or modification.
 
 
 15
 During oral argument, the panel inquired extensively into the jury instructions. Williams now assails the charge for failing to expressly instruct the jury that it might regard even an altered or modified product as defectively designed. Such an instruction would be contrary to Kentucky law. Relevant Kentucky authority has been unstintingly interpreted to prohibit such a recovery. See, e.g., Hines, 850 F.2d at 1151. Williams enlists Wheeler v. Andrew Jergens Co., 696 S.W.2d 326 (Ky.App.1985), in his attempt to inject indeterminacy into this otherwise orderly area of law. Wheeler, however, offers no comfort. There, the plaintiff suffered substantial hair loss after using shampoo manufactured by the defendant. The trial court directed a defense verdict on the grounds that a third party had tampered with the shampoo. The Kentucky Court of Appeals reversed, holding, inter alia, that even if the shampoo was modified the jury was entitled to consider the plaintiff's claim that the bottle was defectively designed. Id. at 328. There was no indication that the bottle had been altered or modified, so section 411.320(1) did not apply.
 
 
 16
 Here, on the other hand, the alterations or modifications were made on precisely the machine, viz. the forklift, that Williams claims was defectively designed. The strict provisions of section 411.320(1) proscribe the imposition of liability on such facts.
 
 
 17
 Moreover, it does not appear that Williams preserved this argument. Although he objected generally to the instruction regarding alteration, he did not specifically request an instruction that alteration does not preclude recovery for defective design. The suggestion that this instruction be given was not made until oral argument, which precludes Williams from pursuing this claim on appeal. See Wiskotoni v. Michigan Nat'l Bank-West, 716 F.2d 378, 382 (6th Cir.1983).
 
 IV
 
 18
 Williams also challenges the district court's refusal to allow him to amend his complaint to seek punitive damages and its apportionment instruction. Since we have affirmed in all respects the finding that neither defendant was liable, we need not address these challenges.
 
 
 19
 Affirmed.
 
 COHN, District Judge
 
 20
 I dissent. As I read Kentucky law, and particularly Wheeler v. Andrew Jergens Co., 696 S.W.2d 326 (Ky.App.1985), if the alteration or modification of a product is foreseeable by the manufacturer then the product may, under certain circumstances, be viewed as defectively designed. In distinguishing the facts in Jergens from the facts at issue here, the majority simply elevates form above substance. Moreover, Williams presented evidence implicating the Jergens rule to the jury and requested such a jury instruction. Because the lawyers could not agree on the jury instruction, the trial court went forward with its own instruction. Williams again made some effort to obtain a Jergens instruction. Because the record, as I view it, clearly entitled him to such an instruction and because of the confusion attendant upon preparation and delivery of the instruction, I am of the opinion Williams is entitled to a new trial.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Under Kentucky law, Williams's exclusive remedy against South State was worker's compensation. Ky.Rev.Stat.Ann. § 342.680
 
 
 [3]
 Judge Forester specifically ruled that it was evidence regarding KOSHA, rather than OSHA, that was to be admitted. Although some of the witnesses used the term OSHA rather than KOSHA when discussing the regulations at issue or South State's compliance, the fact that the provisions of these regulations are identical renders such semantic slips harmless
 
 
 [4]
 Williams's position finds support in Minichello v. U.S. Indus., Inc., 756 F.2d 26 (6th Cir.1985). Although the precise holding of the case is that OSHA cannot be used to establish whether a product is unreasonably dangerous, this holding was derived from the court's broad interpretation of section 653(b)(4). The court read section 653(b)(4) as prohibiting the use of OSHA regulations to "alter the civil standard of liability." Id. at 29. Another panel of this court has indicated, in dicta, that "compliance with [safety] codes and standards may be probative of a manufacturer's standard of care." Bailey v. V & O Press. Co., 770 F.2d 601, 609 n. 5 (6th Cir.1985) (discussing OSHA). Given the state of Kentucky law, we need not resolve this conflict
 
 
 [5]
 This statute provides:
 In any product liability action, a manufacturer shall be liable only for the personal injury, death or property damage that would have occurred if the product had been used in its original, unaltered and unmodified condition. For the purpose of this section, product alteration or modification shall include failure to observe routine care and maintenance, but shall not include ordinary wear and tear. This section shall apply to alterations or modifications made by any person or entity except those made in accordance with specifications or instructions furnished by the manufacturer.
 Id.