### Keeling et al. v. Nall.
(Decided Nov. 8, 1935.)

WHEELER, WHEELER & SHELBOURNE for appellants.

BEN S. ADAMS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming in part and reversing in part.

The appellants, V. R. Keeling, John Ham, and Edward Adams, are seeking relief from a $500 judgment recovered against them by L. V. Nall for personal injuries sustained by him in a collision, with an automobile marked "Kozy Kab," which occurred in Paducah, Ky., on February 6, 1934.

## The Accident.

Nall was driving north on Twenty-Seventh street in an automobile belonging to his wife. Ray Wilkerson was driving west on Kentucky street an automobile marked "Kozy Kab" and belonging to Edward Adams. These streets cross each other at right angles, and this collision took place at the intersection. In view of the questions raised on this appeal, further account of the accident is unnecessary.

## The Kozy Kab Company.

Keeling and Ham were partners engaged in the taxi business under the name and style of Kozy Kab Company, with their cabs so marked and their chief office and waiting room at 115 South Fourth street, Paducah, Ky.

## Associated Cabs.

Edward Adams, Wm. J. Ashley, and three others had cabs cruising about over the city with the words "Kozy Kab" painted on them, engaged in the taxi business and using 115 South Fourth street as a central station, each paying $1 per day to Keeling and Ham for that use. The owners of the associated cabs employed their own drivers, who received for the owners of such associated cabs the earnings thereof, in which the Kozy Kab Company had no interest, and of which the Kozy Kab Company received no part.

## Who is Responsible?

Primarily, Wilkerson, the driver of the cab inflicting the damage, is responsible therefor. He was not sued. Nall sued Keeling, Ham, and all of the owners of these associated cabs.

At the conclusion of the evidence, each defendant moved for a directed verdict, and the court overruled that motion as to the partners, Keeling and Ham, and as to the associated cab owner, Edward Adams, but sustained the motion as to the owner of the other associated cabs and directed verdicts for them. The only way to fix responsibility for this collision upon any one other than Wilkerson is under the doctrine of respondeat superior. One of the reasons such vicarious responsibility is imposed upon employers is to force them to weed out the reckless and the incompetent. See Bowen v. Gradison Construction Co., 236 Ky. 270, 32 S. W. (2d) 1014. Under headnote 3 in the Bowen Case, we pointed out how to determine who was the superior or the master. In the present case the master of Wilkerson is Adams, hence the motion of Adams for a directed verdict was properly overruled, for he employed Wilkerson, and Wilkerson was operating this Adams cab during business hours when the accident occurred, hence presumptively engaged in the business of his master, and Adams is responsible for the damages which the jury has found resulted from Wilkerson's negligence. See Dennes v. Jefferson Meat Market, 228 Ky. 164, 14 S. W. (2d) 408.

Keeling and Ham had nothing to do with the employment of Wilkerson. There is no evidence they had any control of him, and hence they were entitled to directed verdicts, though a different rule would apply in the case of injury of a passenger in this cab with "Kozy Kab" on the door, as we pointed out in the case of Middleton v. Frances, 257 Ky. 42, 77 S. W. (2d) 425. The name on that cab door may have induced Frances to take passage therein, but the name on this cab door in no way induced these parties to have this collision.

Judgment reversed, in so far as it affects Keeling and Ham, and they shall recover of Nall their costs, and as against Edward Adams it is affirmed, and Nall shall recover of Adams his costs; and since supersedeas has been served on Nall, 10 per cent. damages shall be awarded him. Section 764, Civil Code of Practice.