### Johnson et al. v. Brewer.

(Decided Nov. 27, 1936.)

WOODWARD, DAWSON & HOBSON, WILBUR FIELDS and JESSE MORGAN for appellants.

R. B. ROBERTS and J. T. BOWLING for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Perry circuit court based on the verdict of a jury in the sum of $5,000 in favor of appellee, who was the plaintiff below, and against the appellants. It is alleged in the petition that on the first of July, 1934, appellee employed the defendants to take her from Hardburley to Paintsville and return in a taxicab operated by them, which was being driven at the time by one Wilbur Wright, who was named as a defendant in the trial court, but who is not a party to this appeal.

It is urged that, while Wright was operating a taxi on the highway from Hardburley to Paintsville, he did so in such a careless and reckless manner as to cause the taxi to wreck and to injure plaintiff by fracturing her neck, breaking her left foot, and bruising her entire body.

The evidence indicates that the appellee, Cinda Brewer, operated a rooming house near Hardburley, Ky.

Wilbur Wright, the driver of the taxi, had boarded with her for a period of several years. For several months preceding Mrs. Brewer's injury, Wright had been driving a Chevrolet car as a taxicab in the vicinity of Hardburley and Hazard. Wright rented the car from its owners, the appellants, for 3 cents per mile for each mile the car was operated, as shown by the speedometer. Wright purchased the gasoline and oil, but repairs to the car were made by appellants. Whether the car was used in the taxi business or for the personal pleasure of Wright, he paid Johnson 3 cents for each mile traveled.

On the day of the accident Mrs. Brewer entered into an agreement with Wright in consideration of his taking her to Paintsville and back, that she would give him a credit of $10 on his board bill and likewise pay him something in addition, the exact amount of which is not disclosed in the record. This additional compensation was to be used either in the purchase of gasoline for the trip or else to pay the Johnsons their rental of 3 cents per mile. At a point near Lackey, Ky., the automobile, while being driven at approximately 30 miles per hour, struck a hole in the road. The car did not stop at that point, but went on several miles farther, where a tire blew out, and it was then repaired. Mrs. Brewer, who was riding in the front seat, contends that she broke two of the bones in one of her feet and also chipped off a piece of her mastoid bone at the time when they hit the hole in the road. The character of her injuries is not disputed, although it is claimed that the verdict of $5,000 is excessive.

Numerous rather technical objections to the trial, or rather to the failure of the court to grant a continuance, are urged by the appellants. Some of these points appear to be well taken, but it will be unnecessary here to consider them because of the fact that we have concluded that the appellants were entitled to a peremptory instruction which they asked at the conclusion of the testimony, and it is highly improbable that any of these technical questions will arise upon a retrial of the case, should one occur.

The allegations of the petition were denied, and it was therefore incumbent on the plaintiff to prove that she was injured as a direct result of the negligence of the taxi driver. It was further incumbent upon her to prove, if she expected to hold the appellants liable for

the taxi driver's negligence, (1) that the relationship of employer and employee, or principal and agent, existed between the taxi driver and the appellants; (2) that the driver was engaged in the business of his employer, or principal, at the time of the alleged injury; and (3) that the negligence of the driver occurred in the course of his employment. American Savings Life Ins. Co. v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115; Martin v. Greensboro-Fayetteville Bus Line, 197 N. C. 720, 150 S. E. 501. The doctrine of respondeat superior is at best a harsh rule, dictated by considerations of public policy and the necessity for holding a responsible person liable for the acts done by others in the prosecution of his business, as well as for placing on employers an incentive to hire only careful employees. Clearly, it is only in those cases where the servant is engaged in the prosecution of his master's business that there is any justification for holding a master who is entirely innocent of any wrongdoing liable for the acts of his servant. Similarly, it is only in those situations where the relationship of master and servant, or principal and agent, is shown to exist that the rule of respondeat superior is called into operation.

The proof in regard to the relationship existing between the taxi driver and the appellants is undisputed. There can be no question on the facts presented here of an estoppel against the appellants which would prevent them from showing the actual relationship between them and the driver of the car. It is shown without dispute that the driver of the car paid for its use at the rate of 3 cents per mile as shown by the speedometer, and that he made this payment whether the car was used in the business of carrying passengers or for his own personal convenience. It was further shown that he used the car for his own convenience as well as in the taxicab business. Assuming, for purposes of argument, that the driver was actually an employee of the appellants, it is clear that in order to hold them responsible for his acts, the plaintiff would have to show that he was acting for his employer at the time of the injury, or that the employers were in some way estopped to deny this fact. Middleton v. Frances, 257 Ky. 42, 77 S. W. (2d) 425; Keeling v. Nall, 261 Ky. 232, 87 S. W. (2d) 370.

The driver testified that he was "employed" by appellants, but when he detailed the facts upon which his arrangement with appellants was based, a very different

318

situation was presented. Appellants exercised no control over his movements or his hours of working. The driver says he got his own business, and no one else had anything to do with it. Appellants received a flat mileage rate for the use of their car, and that was the beginning and end of their interest in the matter. Clearly, he was prosecuting his own business, and not that of the appellants, at the time that the injury complained of was received.

Of course, if Mrs. Brewer had become a passenger in the taxicab on the faith of the fact that she was actually contracting with the appellants as the operators of the business and was traveling under the ægis of that protection, a different situation would present itself. Middleton v. Frances, supra. The trial court submitted the case to the jury entirely on the theory that Mrs. Brewer was a passenger in the taxicab at the time of the accident. If, in fact, she was a passenger, so far as appellants' position is concerned, it would have to be the result of some contract, express or implied, between Mrs. Brewer and the owners of the car, whether directly with the owners or through an authorized agent. Compare Morris v. City Transfer & Yellow Taxi Co., 220 Ky. 219, 294 S. W. 1030; Chicago, St. P., M. & O. Ry. Co. v. Bryant (C. C. A.) 65 F. 969. Not only did Mrs. Brewer know the circumstances in regard to the relationship between the driver and the appellants, but even if she had not, her agreement with the driver was that he would take her on the trip to Paintsville in consideration of a $10 credit on his, the driver's, board bill plus enough cash to pay for his gas and oil or possibly his 3 cents per mile rental to the appellants. Assuming that the driver had authority as agent to enter into a contract on behalf of the appellants for the carriage of passengers, we could not presume that that authority extended to taking anything in payment for a trip but cash. Certainly, it would not include taking a credit on the driver's own board bill. It is elementary that an agency to collect on behalf of a principal implies authority to collect only in cash. Mrs. Brewer knew, therefore, that she was contracting with the taxi driver, and not with his alleged principals. If the cash paid by Mrs. Brewer represented the 3 cents per mile rental due to appellants, rather than simply the cost of oil and gas, the most that could be said of the arrangement would be that she was paying for the use of the car. Her con-

tract with the driver was for the operation of the machine, and on no view of the evidence is it possible to conclude that appellants had anything to do with that agreement. The negligence relied on for recovery related to the method of operation of the automobile, not to any inherent defect in the car itself. It follows that, whether we accept the undisputed evidence of the actual situation or whether we consider a possible contractual relationship between appellants and appellee, we are led inevitably to the conclusion that there was no liability on the part of the appellants and that they were entitled to the peremptory instruction for which they asked. All other questions are reserved.

Judgment reversed.