William Russell PRESTON, Appellant,

v.

ELM HILL MEATS, INC., a Corporation, Appellee.

Court of Appeals of Kentucky.

June 30, 1967.

Rehearing Denied Dec. 1, 1967.

Frank G. Gilliam, Wm. S. Black, Lexington, for appellant.

Allen, Duncan, Duncan & Arnold, Stoll, Keenon & Park, Lexington, for appellee.

CHARLES E. LOWE, Special Commissioner.

The vexing issue presented in this appeal is on a summary judgment. The appellant, William Russell Preston, sixteen years of age, was employed by the appellee, Elm

Hill Meats, Inc., on or about June 17, 1963. An employment certificate was prepared and filed for "works in Beef cooler—general labor with meats—no dangerous materials involved." On July 1, 1963, in the course of his employment while operating a meat grinding machine his hand became caught and injuries sustained which resulted in amputation of his right arm. The work he was doing at the time of his injury may have been in violation of the Child Labor Act, KRS 339.230 and KRS 339.240. It is contended that the Company fraudulently procured his acceptance of the Workmen's Compensation benefits through inducing his mother, his statutory guardian, to elect to take benefits under the Act and not informing her that she could sue at law for damages.

While in the hospital, appellant and his mother, Juanita Thompson, signed an agreement as to compensation with Liberty Mutual Insurance Company, the compensation carrier for appellee. Later the adjuster for Liberty Mutual Insurance Company advised Mrs. Thompson and appellant that she would have to be appointed guardian for her son before payments could be made. She contacted an attorney and discussed her son's situation and, after being advised that she was receiving full compensation benefits allowed under the Compensation Act for the loss of an arm, she was appointed guardian and again signed an agreement as guardian along with her son's signature to receive these benefits.

The Liberty Mutual Insurance Company also agreed with the guardian, if she would discharge her attorney, that they would (and they did) permit her son to attend its rehabilitation center in Boston, Massachusetts, where he furnished a prosthetic fitting, artificial arm, and given rehabilitation training. The Company also paid the expenses for the appellant's stepfather, including transportation, room and board, while he was enrolled at the Center.

On March 17, 1965, appellant filed suit for damages for personal injuries and permanent impairment of his earning power. The answer set out settlement as a bar to this action.

KRS 342.170 provides in part, as follows:

"If any minor employee is injured or killed while being employed by the employer in willful and known violation of any law of this state regulating the employment of minors, the statutory guardian or personal representative of the minor may claim compensation under this chapter or may sue to recover damages as if this chapter did not exist. If a claim for compensation is made under this section, the making of such claim shall be a waiver and bar to all rights of action on account of that injury or death as to all persons".

By way of reply, the appellant says no claim was made for Workmen's Compensation benefits and that the settlement made by the appellant's statutory guardian was procured by fraud. We conclude that the acceptance of compensation through an agreement approved by the Workmen's Compensation Board was as effective legally as filing a claim and having the Board rule on it and award compensation; in both instances it is an award of the Board, so effective as such.

The appellant has accepted and retained the benefits from Liberty Mutual and his compensation award confirmed under the Workmen's Compensation Act. It is apparent from the mother's affidavit that she was motivated by the desire or need of acquiring prompt medical service and rehabilitation training for her son which the insurance carrier offered in addition to the maximum compensation it was required to pay under the Compensation Act. Had she and her son filed a common law action, then they would have elected to take the chance of obtaining a larger recovery, but would at the same time have waived their rights under the compensation law. The acceptance of compensation under the Act afforded the prompt and certain relief the

Act was intended to afford, and her affidavit discloses that was why she accepted its benefits.

We have carefully considered the affidavits filed in this record, and we do not feel that any acts or statements made by the adjuster' would constitute fraud. Patrick v. Highbaugh, Ky., 347 S.W.2d 88.

The procedure provided by Rule 56 is designed to promote the expeditious disposition of cases and to avoid unnecessary trials when no genuine issue of facts is raised.

We, therefore, are in accord with the ruling and order entered by the trial court dismissing the complaint and the judgment is affirmed.

All concur.