ZURICH AMERICAN INSURANCE COMPANY, Alusuisse Flexible Packaging, Appellants,

v.

Jeff BRIERLY, Administrator of the Estate of Paul Brierly, Deceased, Edward L. Fossett, Administrative Law Judge; Department of Workers' Claims and Workers' Compensation Board, Appellees.

No. 96–SC–78–WC.

Supreme Court of Kentucky.

Sept. 26, 1996.

Rehearing Denied Jan. 30, 1997.

Allan Weiss, Louisville, for appellant.

Fred E. Fischer, III, Mike Kelly, Louisville, for appellee.

Walter W. Turner, Valerie L. Salven, Workers' Compensation Board, Frankfort, for Workers' Compensation Board.

## OPINION

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals reversing and remanding the opinion of the Workers' Compensation Board and remanding the findings of the Administrative Law Judge for reinstatement. The Board had reversed the order of the ALJ dismissing the workers' compensation claim for lack of jurisdiction so as to allow the claimant to proceed with a civil action.

The issue is whether the Department of Workers' Claims has original and exclusive jurisdiction to decide whether Brierly's death resulted from the deliberate intention of his employer to cause such death.

Paul Brierly was killed in an explosion in 1993 while an employee of Alusuisse Flexible Packaging in Shelby County, Kentucky. The employer was insured by Zurich American Insurance Company. The Shelby County Coroner's jury determined that the employer "deliberately placed the decedent ... in a known, unsafe and hazardous position" which resulted in his death. Jeff Brierly, the administrator of the estate, contends that the Shelby County Grand Jury indicted the company although there is no proof of such an assertion in the record.

Zurich paid $4,000 directly to the funeral home pursuant to KRS 342.750 and tendered $10,000 to the estate. The latter sum was rejected. The employer filed an application, Form 101, for an adjustment of claim as permitted by KRS 342.270, asking that the question of whether Brierly was an employee be resolved. The administrator of the estate filed a complaint in Shelby Circuit Court which was removed to the United States District Court for the Eastern District of Kentucky under the tort theory that the employer had deliberately intended and caused the death. KRS 342.610(4). The estate also sought to dismiss the workers' compensation claim on the basis that it had elected its tort remedy in lieu of any workers' compensation benefits. The ALJ found that KRS 342.610(4) was the controlling statute. That section provides in pertinent part as follows:

> ... if injury or death results to an employee through the deliberate intention of his employer to produce such injury or death, the employee or his dependents take under this chapter, or in lieu thereof, have a cause of action at law against the employer as if this chapter had not been passed for such damage so sustained by the employee, his dependents or personal representatives as is recoverable at law. If a suit is brought under this subsection, all right to compensation under this chapter shall thereby be waived as to all persons.

This section of the statute gives the injured employee or the dependent or personal representative of a deceased employee an election as to the form in which to proceed.

It does not afford an opportunity to proceed in both forms and elect the judgment or award that is most beneficial. As a consequence of such election, the plaintiff in a civil action is forever excluded from any remedy under Chapter 342 of the Workers' Compensation Act.

The Workers' Compensation Board reversed the decision of the ALJ and remanded the case for a finding that Zurich invoked the jurisdiction of the act by filing Form 101. The Court of Appeals unanimously reversed the Board and reinstated the decision of the ALJ. This appeal followed.

The Board determined that the attempt by Brierly to waive his right to the Workers' Compensation claim in effect waived the employer's right and the fact that Zurich took the unusual but authorized step of filing a Form 101 had properly invoked the jurisdiction of the Workers' Compensation Act and all that goes with it.

The argument by Zurich is that the Department of Workers' Claims has original and exclusive jurisdiction to decide whether the claimant's death resulted from the deliberate intention of his employer to cause his death. They contend that only after such intent is found can Brierly then choose whether to collect under the act or bring a civil suit. They rely on the language of KRS 342.325 and jurisdiction pursuant to KRS 342.610(4).

Zurich places great emphasis on the first word in the statute "IF" and argues that no cause of action exists until the "IF" is determined. They claim that the Department of Workers' Claims must determine "IF" there has been deliberate intention by the employer.

We agree with the Court of Appeals that there is simply nothing about the determination of "deliberate intent" that is so peculiar to Workers' Compensation Law that a circuit judge or jury could not decide the issue. The statute provides an exception to KRS 342.325, and clearly allows for a choice to either take under the act or to sue in a civil proceeding. The argument that the estate may try to collect under the act if their civil suit should fail is totally without merit. The

statute plainly sets forth the loss of a right to collect under the act if one would continue with the civil lawsuit.

Reliance by the Board on *General Accident Insurance Co. v. Blank,* Ky.App., 873 S.W.2d 580 (1993), is misplaced. This kind of selection does not lend itself to being considered and is the type of action that is appropriately brought before the Board. The claimant has waived his right to do so and seeks to proceed in lieu of that right.

Although this can be considered a case of first impression, two cases, *Fryman v. Electric Steam Radiator Corp.,* Ky., 277 S.W.2d 25 (1955) and *McCray v. Davis H. Elliott Co.,* Ky., 419 S.W.2d 542 (1967), give support for our interpretation. The issue in both cases was whether the plaintiff had established "deliberate intent." Both parties were allowed to bring their actions in a court of law although both cases were ultimately dismissed.

KRS 342.325 provides that "except as otherwise provided in this chapter" all questions shall be presented to the Board. We agree with the Court of Appeals that the proper interpretation of the statute is that if the death is a result of the employer's deliberate intention to cause death, the employee's dependents may take either under KRS Chapter 342, or in lieu thereof, sue at common law as if the Workers' Compensation Statute had never been adopted. The statute provides that if the decedent's dependents choose to sue at law, all right to compensation under the chapter is waived. The statute clearly provides a choice to the dependents either to take under the chapter or to sue in tort and is an exception to KRS 342.325.

■ The contention that the filing of a tort suit was an attempt to waive the employer's rights under the act is unpersuasive. An employer may file a Form 101 pursuant to statute. In this instance, it is obvious that the employer filed the claim to attempt to limit the estate to a $10,000 lump sum recovery which in effect would invade the right of the estate to file suit in tort. Although both the employee and the employer have rights under the Act, the primary purpose of the law is to aid injured or deceased workers. The ability to elect a remedy may pose a risk

to the estate but it was clearly the intent of the General Assembly to provide that option. The risk involved is solely that of the estate.

Zurich's use of *Patrick v. Highbaugh,* Ky., 347 S.W.2d 88 (1961), is inapposite, and factually distinguishable. In that case, the Workers' Compensation claim had been barred by the statute of limitations and there was an attempt to sue in circuit court. This Court held that the claimant did not possess a valid remedy under the act existing at that time. The present case involves a clear choice on the part of the claimant.

We have thoroughly reviewed all the case law relied upon by the Board and cited to us by Zurich and are not persuaded that any of those authorities support the ruling of the Board.

*Brown Badgett, Inc. v. Calloway,* Ky., 675 S.W.2d 389 (1984), holds that jurisdiction cannot be conferred on a court through waiver. In this case jurisdiction was established by statute which provided for a choice on the part of the plaintiff.

The issues in *Lawrence Coal Co. v. Boggs,* Ky., 309 Ky. 646, 218 S.W.2d 670 (1949) and *Coal Operators' Casualty v. Abshire,* 111 F.Supp. 24 (E.D.Ky.1953) were whether a certain insurance company was a carrier at risk when the injury occurred. *Motorists Mutual Ins. Co. v. Terry,* Ky., 536 S.W.2d 472 (1976), involved an insurance company who wanted separate exposure to liability determined in separate litigation.

*Zurich Insurance Co. v. Mitchell,* Ky., 712 S.W.2d 340 (1986), held that the Act provided several different penalties for an employer who is found to have delayed payment of medical expenses. The Act provided an exclusive remedy and the worker was prevented from bringing an action at law. Here, KRS 342.610(4) specifically provides for the election of a compensation or legal remedy if the death is due to deliberate intent.

A careful analysis of the authorities cited by Zurich indicates that they have no application to this case because none of the cases cited involve a legislative exception to the ALJ as established in KRS 342.325. Citation to the Missouri cases are not persuasive be-

cause Missouri does not have a statute that is similar to KRS 342.610(4).

 It is the holding of this Court that KRS 342.610(4) provides an exception to KRS 342.325 to the effect that if the death of an employee is the result of the deliberate intention of the employer to cause the death, the dependents of the employee may either proceed under Chapter 342, or in lieu thereof, sue at law, as if Chapter 342 had never been adopted. In the event the dependents of the decedent choose to sue in civil court, all rights to compensation under Chapter 342 are waived. The statute clearly provides a choice to the dependents to either take under the chapter or to file a civil lawsuit.

The decision of the Court of Appeals is affirmed.

All concur.