AMERICAN GENERAL LIFE
& ACCIDENT INSURANCE
COMPANY, Appellant,

v.

Sharon HALL, Appellee.

No. 1999–SC–1033–DG.

Supreme Court of Kentucky.

March 21, 2002.

Rehearing Denied June 13, 2002.

George J. Miller, Richard C. Ward, Penny R. Warren, Wyatt, Tarrant & Combs, Lexington, for Appellant.

James J. Barrett, III, Pillersdorf, DeRossett & Barrett, Prestonsburg, for Appellee.

COOPER, Justice.

Appellee Sharon Hall brought this action in the Perry Circuit Court against her employer, American General Life & Accident Insurance Company, and her supervisor, James Robert Lyons, seeking "damages for mental and emotional injuries inflicted by sexually discriminatory practices, including emotional and psychological distress, humiliation, and personal indignity, pursuant to KRS 344, et. seq." The Perry Circuit Court ultimately entered summary judgments in favor of both defendants, and Hall appealed. The Court of Appeals affirmed as to Lyons[1] and reversed and remanded as to American General. We granted American General's motion for discretionary review and now reverse the Court of Appeals and reinstate the judgment of the trial court.

Hall was one of five life insurance agents employed in American General's Hazard, Kentucky, office. From January 1992 through July 1993, Lyons was the office manager and Hall's immediate supervisor. Hall claims that during that period, Lyons subjected her daily to unwelcome, sexually explicit comments about their respective body parts, his sex life, and his sexual fantasies about her; that he occasionally "brushed" against her breasts as he walked past her in the office; and that, in July 1993, he called her into his office and exposed his genitalia to her.[2] Shortly thereafter, Hall terminated her employment and sought treatment for psychological injuries, including sleeping and eating disorders, depression, uncontrollable crying, suicidal thoughts, auditory hallucinations, and panic attacks.

Hall filed this action on August 24, 1994. Count I of the complaint alleges that Lyons's sexual harassment was intentional and constituted sexually discriminatory conduct that "had a substantial detrimental affect on Plaintiff's employment and psychological well-being," specifically causing her "to suffer humiliation, indignity, injury to her feelings, emotional and psychological distress with physical manifestations, and past and future lost wages." Count I also alleges that American General had notice of Lyons's actions, both because Hall personally notified American General's district manager of such and because Lyons's harassment was "pervasive and obvious," and that American General failed to investigate or take remedial action. Thus, Count I contained the allegations necessary to state a cause of action for a statutory civil rights violation under KRS 344.010(5), KRS 344.020(1)(b), KRS 344.040(2) and KRS 344.450. *See Meyers v. Chapman Printing Co., Inc.*, Ky., 840 S.W.2d 814, 820–21 (1992), citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 65–67, 106 S.Ct. 2399, 2404–06, 91 L.Ed.2d 49 (1986).

Count II of the complaint alleged that American General "ratified, sanctioned and condoned [Lyons's] conduct and served to conceal this conduct from proper address." Count II also alleged that American General did not have any procedures in place for reviewing complaints of sexual harassment or alerting employees that sexual harassment would not be tolerated. Hall subsequently admitted in her deposition that American General did have such policies and procedures in place and that she was aware of them even before Lyons became her supervisor. Count III of the

---

1. No further review has been sought with respect to the dismissal of Hall's claim against Lyons.

2. Hall also claimed that Lyons stalked her outside the office, but that assertion was relevant only to her individual claim against Lyons, not to her hostile work environment claim against American General.

complaint stated a cause of action against both Lyons and American General for intentional infliction of emotional distress, the so-called "tort of outrage." *Craft v. Rice*, Ky., 671 S.W.2d 247, 251 (1984).

On October 14, 1994, Hall filed an application for workers' compensation benefits against American General claiming a work-related disability, specifically, "[p]sychological problems resulting from sexual harassment by immediate supervisor." Pursuant to an opinion and award rendered April 29, 1996, Hall was awarded 38 weeks of temporary total disability benefits at $415.94 per week ($15,805.72) and 425 weeks of permanent partial disability benefits at $155.98 per week ($66,291.50). The administrative law judge's opinion clearly shows that Hall's workers' compensation claim was premised upon the same sexual harassment and resultant psychological injuries that are the gravamen of her statutory civil rights claim.

> She left her employment in August of 1993 claiming that she had been sexually harassed for one and one-half years by the defendant-employer and had resultant psychiatric disabilities. The plaintiff has not worked since.
>
> . . .
>
> Plaintiff has alleged various allegations involving sexual discrimination against James Robert Lyons, who was primarily her supervisor for the defendant-employer. The remarks began in the summer of 1991 [when Lyons and Hall were co-workers in American General's Paintsville office] and culminated in July of 1993. Those remarks and actions are summarized in Exhibit F to plaintiff's deposition and the Administrative Law Judge sees no purpose in restating them herein. The plaintiff described panic attacks beginning in the spring of 1993 and stated that she heard voices. She also suffered from night-

mares, numbness in her face and hands, nausea and crying spells.... The plaintiff stated that she has depression, panic attacks, suicidal thoughts, and continues to hear voices.

The award was affirmed by the workers' compensation board on August 23, 1996, and no further review was sought. On October 24, 1996, American General (which is self-insured) paid Hall $38,686.00, representing accrued benefits and interest on the award through October 11, 1996.

KRS 342.690(1) provides that a claim for workers' compensation benefits is "exclusive and in place of all other liability of such employer to the employee ...." KRS 342.610(4) creates an exception to the "exclusive remedy" rule if the employee is injured through the deliberate intention of the employer.

> ... If injury or death results to an employee through the deliberate intention of his employer to produce such injury or death, the employee or his dependents may take under this chapter, or in lieu thereof, have a cause of action at law against the employer as if this chapter had not been passed, for such damage so sustained by the employee, his dependents or personal representatives as is recoverable at law. If a suit is brought under this subsection, all right to compensation under this chapter shall thereby be waived as to all persons. If a claim is made for the payment of compensation or any other benefit provided by this chapter, all rights to sue the employer for damages on account of such injury or death shall be waived as to all persons.

In *Zurich American Insurance Co. v. Brierly*, Ky., 936 S.W.2d 561 (1996), we held that the statute means what it says:

> This section of the statute gives the injured employee or the dependent or personal representative of a deceased

employee an election as to the [forum] in which to proceed. It does not afford an opportunity to proceed in both [forums] and elect the judgment or award that is most beneficial.

*Id.* at 562. Thus, having accepted payment of benefits under KRS Chapter 342, Hall is now precluded from suing her employer in circuit court for the same injuries and disabilities. *Borman v. Interlake, Inc.*, Ky.App., 623 S.W.2d 912, 913 (1981); *cf. Preston v. Elm Hill Meats, Inc.*, Ky., 420 S.W.2d 396 (1967) (interpreting an identical waiver provision in former KRS 342.170).

■ The Court of Appeals believed that our decisions in *Meyers v. Chapman Printing Co., supra,* and *Hardaway Management Co. v. Southerland,* Ky., 977 S.W.2d 910 (1998), hold otherwise. In both of those cases, we held that the "exclusive remedy" provision of KRS 342.690(1) did not, itself, preclude a civil action for discrimination brought under the Kentucky Civil Rights Act, KRS 344.450, (*Meyers*), or the Kentucky Equal Opportunities Act (KEOC), KRS 207.260S (*Hardaway*).

[T]he workers' compensation statute preempts only common law tort claims and does not preempt a statutory civil rights claim. This Court must presume that the General Assembly knew of the Workers' Compensation Law preemption doctrine when it created a private cause of action for "actual damages" caused by discrimination in the Kentucky Civil Rights Act, and that it intended to create an independent cause of action notwithstanding that the two statutes might provide alternative sources of statutory relief in those cases where the mental emotional injury inflicted causes work-related occupational disability.

*Meyers, supra,* at 819; *see also Hardaway, supra,* at 917. In *Meyers,* however, the plaintiff had neither sought nor received workers' compensation benefits, and *Meyers* specifically noted that rules relating to the election of remedies might require a different conclusion.

There are general rules relating to the election of remedies which might preclude an employee from recovering under the Civil Rights Act *for the same injury if previously compensated under the Workers' Compensation Law,* but that is not the case here.

*Meyers, supra,* at 819 (emphasis added). And although the plaintiff in *Hardaway* had sought and received workers' compensation benefits, those benefits were not awarded for the same injury that was the subject of the KEOC action. The workers' compensation claim was for a work-related back injury, whereas the KEOC action was for wrongful discharge from employment motivated by disability discrimination. Here, both Hall's workers' compensation claim and her civil rights claim are premised upon the same injury and the same resulting damages.

■ Hall asserts that KRS 342.610(4) does not apply to her cause of action because the statutory waiver applies only to intentional injuries and her claim against American General is premised upon negligence. This assertion is belied not only by the allegations in the complaint, itself, but also by the very nature of a hostile work environment sexual harassment claim. We have consistently interpreted KRS 344.040 in consonance with Title VII of the Federal Civil Rights Act of 1964. *Bank One, Kentucky, N.A. v. Murphy,* Ky., 52 S.W.3d 540, 544 (2001); *Ammerman v. Bd. of Ed. of Nicholas County,* Ky., 30 S.W.3d 793, 797 (2000); *Meyers v. Chapman Printing Co., supra,* at 821. In *Burlington Industries Inc. v. Ellerth,* 524

U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), the United States Supreme Court noted that "[s]exual harassment under Title VII presupposes intentional conduct." *Id.* at 756, 118 S.Ct. 2266. In *Ellerth*, the Supreme Court held that with respect to a "hostile work environment" claim, *i.e.*, sexual harassment where no job action is threatened or taken (as opposed to a "quid pro quo" claim, where job action is offered, threatened or taken as a quid pro quo for a response to sexual advances), the vicarious liability of the employer is premised not on the employer's negligence but on the fact that the agent was aided in accomplishing the sexual harassment by the existence of the agency relationship. *Id.* at 758, 118 S.Ct. at 2267, citing Restatement (Second) of the Law of Agency, § 219(2)(d) (A.L.I.1957). In the companion case of *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), the Court referred to this same principle as "vicarious liability for misuse of supervisory authority." *Id.* at 804–08, 118 S.Ct. at 2291–92. Both *Ellerth* and *Faragher* held that "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee," subject to an affirmative defense that "(a) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth, supra,* at 765, 118 S.Ct. at 2270; *Faragher, supra,* at 807, 118 S.Ct. at 2293. In *Bank One, Kentucky, N.A. v. Murphy, supra,* we applied this same principle to actions brought under KRS 344.450. "[T]he *Ellerth/Faragher* affirmative defense is available to employers facing vicarious liability

for sexual harassment under KRS 344.040." 52 S.W.3d at 544.

However, it is not the *Ellerth/Faragher* affirmative defense that is at issue in this case but whether a hostile work environment claim is an action in intentional tort, and what *Ellerth, Faragher,* and *Murphy* all hold is that an employer is vicariously liable for intentional acts of sexual harassment by its supervisor, subject only to proof of the affirmative defense. Vicarious liability, sometimes referred to as the doctrine of respondeat superior, is not predicated upon a tortious act of the employer but upon the imputation to the employer of a tortious act of the employee "by considerations of public policy and the necessity for holding a responsible person liable for the acts done by others in the prosecution of his business, as well as for placing on employers an incentive to hire only careful employees." *Johnson v. Brewer,* 266 Ky. 314, 98 S.W.2d 889, 891 (1936). Ordinarily, an employer is not vicariously liable for an intentional tort of an employee not actuated by a purpose to serve the employer but motivated, as here, solely by a desire to satisfy the employee's own sexual proclivities. *See Ellerth, supra,* at 756, 118 S.Ct. at 2266. *Ellerth, Faragher* and *Murphy* recognize an exception to this rule with respect to statutory civil rights actions. Thus, Hall is seeking in this action to impute to American General liability for Lyons's intentional tort of sexual harassment. Having previously elected to pursue and collect her workers' compensation remedy, she is deemed by KRS 342.610(4) to have waived her right to pursue this civil action for damages.

Finally, Hall asserts that, for public policy reasons, the statutory waiver provision in KRS 342.610(4) should not preclude a statutory civil rights claim, citing *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94

S.Ct. 1011, 39 L.Ed.2d 147 (1974). In *Alexander*, the employer claimed that a contractual provision in the union's collective bargaining agreement mandating arbitration of employment grievances precluded the employee's Title VII claim that he was wrongfully discharged from his employment because of racial discrimination. Noting that the agreement was negotiated and signed, not by the offended employee, but only by representatives of his labor union, and that the grievance procedure purported only to resolve disputes with respect to collective contractual rights and not individual statutory rights, the Court held that the employee's Title VII claim was not waived by the arbitration provision in the collective bargaining agreement. *Id.* at 51–52, 94 S.Ct. at 1021. *Alexander*, however, did not hold that an employee, him/herself, cannot waive his/her own individual statutory rights. In *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), it was held that an arbitration agreement signed by the employee, himself, that specifically required arbitration of any controversy arising out of the termination of his employment precluded a wrongful discharge claim brought under the Age Discrimination in Employment Act of 1967 (ADEA). Federal Courts of Appeals have subsequently extended *Gilmer* to Title VII claims, specifically holding that sexual harassment claims can be precluded by a knowing waiver by the offended employee. *E.g., Haskins v. Prudential Ins. Co. of America*, 230 F.3d 231, 236 (6th Cir.2000), *cert. denied*, 531 U.S. 1113, 121 S.Ct. 859, 148 L.Ed.2d 773 (2001); *Prudential Ins. Co. of America v. Lai*, 42 F.3d 1299 (9th Cir.1994), *cert. denied*, 516 U.S. 812, 116 S.Ct. 61, 133 L.Ed.2d 24 (1995).

We have repeatedly held that both constitutional and statutory rights inuring to the benefit of a criminal defendant are subject to a knowing and voluntary waiver. *E.g., Myers v. Commonwealth*, Ky., 42 S.W.3d 594 (2001) (waiver of KRS 532.110(1)(c) limitation on a maximum aggregate sentence); *Malone v. Commonwealth*, Ky., 30 S.W.3d 180 (2000) (waiver of Ky. Const. § 12 right to be prosecuted only by an indictment); *Commonwealth v. Griffin*, Ky., 942 S.W.2d 289 (1997) (waiver of KRS 533.020(4) limitation on a period of probation). We know of no reason why the same principle should not apply to the statutory right of an employee to sue his/her employer for a civil rights violation. As in *Zurich American Insurance Co. v. Brierly*, *supra*, "[t]he present case involves a clear choice on the part of the claimant," *id.* at 563, to elect and accept the benefits of her workers' compensation remedy and thereby waive her right to pursue a civil action for damages. KRS 342.610(4).

Accordingly, we reverse the Court of Appeals and reinstate the judgment of the Perry Circuit Court.

GRAVES, JOHNSTONE and WINTERSHEIMER, JJ., concur.

LAMBERT, C.J., dissents by separate opinion, with KELLER, J., joining that dissenting opinion.

STUMBO, J., not sitting.

LAMBERT, Chief Justice, dissenting.

I respectfully disagree with the majority's conclusion that Appellee waived her right to sue under the Kentucky Civil Rights Act, KRS 344 et seq. The compensation that Appellee received under the Workers' Compensation Act was for the replacement of her diminished power to earn money. It did not compensate her for damages sustained under the civil rights statute.

The Court of Appeals concluded that Appellee's "claims under the civil rights

statute are not barred by her acceptance of a worker's compensation award." This conclusion was based on *Meyers v. Chapman Printing Co.*[1] and *Hardaway Management Co. v. Southerland*[2] and language in those cases as follows

> the workers' compensation statute preempts only common law tort claims and does not preempt a statutory civil rights claim. This Court must presume that the General Assembly knew of the Workers' Compensation Law preemption doctrine when it created a private cause of action for 'actual damages' caused by discrimination in the Kentucky Civil Rights Act, and that it intended to create an independent cause of action notwithstanding that the two statutes might provide alternative sources of statutory relief in those cases where the mental emotional injury inflicted causes work-related occupational disability.[3]

In *Gardinella v. General Electric Co.*,[4] the plaintiff sought workers' compensation benefits. The plaintiff and G.E. settled the claim and a release was given for injuries arising out of plaintiff's employment with G.E. The plaintiff then attempted to sue under the Kentucky Civil Rights Act for discrimination, seeking compensation for lost wages, humiliation, mental and emotional distress. The U.S. District Court cited *Meyers, supra,* for the proposition that KRS 342.690 does not preclude claims under the Kentucky Civil Rights Act, "which provides a specific and inde-pendent cause of action to remedy employment discrimination."[5] Rejecting the view that workers' compensation benefits preclude recovery under civil rights law, the Court said "the settlement agreement compensated Gardinella only for physical injuries to his right thumb and wrist. He does not seek compensation for those injuries in this action."[6] The court held that the settlement only prevented claims brought under the Workers Compensation Act.

The doctrine of election of remedies provides that "when a person has at his disposal two modes of redress, which are contradictory and inconsistent with each other, his deliberate and settled choice and pursuit of one will preclude his later choice and pursuit of the other."[7] In *McNeal v. Armour*,[8] the plaintiff was permitted to sue under the Kentucky Civil Rights Act and a collective bargaining agreement. The Court of Appeals of Kentucky reasoned that

> The United States Supreme Court has held that notions of 'election of remedies' are not applicable in civil rights litigation when persons choose to enforce their contractual rights as well as their statutory civil rights. Contractual rights are not displaced merely because a statutory right against discrimination has been provided, both rights are independent in their origin.

In *Alexander v. Gardner–Denver Co.*,[9] the Supreme Court of the United States held

1. Ky., 840 S.W.2d 814 (1992).

2. Ky., 977 S.W.2d 910 (1998).

3. *Hall v. Lyons*, Ky.App., 1997–CA–002809–MR, slip op. at 4 (Oct. 8, 1999) (quoting *Hardaway*, 977 S.W.2d at 917).

4. 833 F.Supp. 617 (W.D.Ky.1993).

5. *Id.* at 619.

6. *Id.*

7. *Collings v. Scheen*, Ky., 415 S.W.2d 589, 591 (1967).

8. Ky.App., 660 S.W.2d 957 (1983).

9. 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

that a party seeking to vindicate contract rights under a collective bargaining agreement was not precluded from asserting independent statutory rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

> That doctrine [of election of remedies], which refers to situations where an individual pursues remedies that are legally or factually inconsistent, has no application in the present context. In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums.[10]

In the present case, election of remedies is inapplicable. The remedies sought are not legally or factually inconsistent. Appellee's workers compensation award paid for lost wages and work related injuries. Her civil rights claim was for emotional illnesses resulting from the sexual harassment inflicted on her. Although the separate injuries arose from the same conduct, the remedies are not inconsistent.

For the foregoing reasons, I would affirm the Court of Appeals.

KELLER, J., joins this dissenting opinion.

---

**10.** *Id.* at 49–50, 94 S.Ct. 1011 (footnote omitted).