Laura PHILLIPS, Appellant,

v.

**LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT,**
Appellee.

Nos. 2009–CA–001613–MR,
2009–CA–002101–MR.

Court of Appeals of Kentucky.

Dec. 29, 2010.

Willie E. Peale, Jr., Frankfort, KY, for appellant.

Tracy W. Jones, Leslye Bowman, Lexington–Fayette Urban County Government, Lexington, KY, for appellee.

Before LAMBERT and STUMBO,

Judges; SHAKE,[1] Senior Judge.

*OPINION*

LAMBERT, Judge.

Laura Phillips appeals from the Fayette Circuit Court's August 3, 2009, order granting summary judgment in favor of the Lexington–Fayette Urban County Government and its October 8, 2009, order dismissing an amended complaint filed against Nicholas Bodkin and Jason Kirby. After careful review, we affirm both orders.

On April 8, 2009, Laura Phillips filed a complaint against Appellee, Lexington–Fayette Urban County Government (LFUCG), alleging that she suffered an injury during an encounter with Emergency Medical Services (EMS) on April 9, 2008. On April 27, 2009, LFUCG filed a motion to dismiss on grounds of sovereign immunity, and the trial court denied that motion on May 22, 2009. On June 2, 2009, LFUCG tendered a motion for summary judgment, which was heard by the trial court on June 26, 2009. On August 3, 2009, the court granted summary judgment to LFUCG on grounds of sovereign immunity. Phillips timely filed her notice of appeal on September 2, 2009.

Phillips first asserted a claim against Emergency Medical Technicians (EMT) Bodkin and Kirby in an amended complaint filed on May 28, 2009. On June 3, 2009, LFUCG received notice of the filing of the amended complaint through receipt of a letter from the trial court. On June 26, 2009, Bodkin and Kirby filed a motion to dismiss on grounds that the claim was time-barred. The court granted Phillips sixty days to conduct discovery on the issue of whether the filing of the amended

complaint related back to the filing of the original complaint. At the conclusion of the sixty-day period, the motion to dismiss was heard on October 2, 2009. On October 8, 2009, the trial court granted LFUCG's motion to dismiss the claim against the individual defendants. Phillips filed her notice of appeal on November 9, 2009, and the consolidated appeal is now before this Court.

In reviewing a grant of summary judgment, our inquiry focuses on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996); Kentucky Rules of Civil Procedure (CR) 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991).

We initially note that LFUCG is a subdivision of the state and enjoys the protective cloak of sovereign immunity. KRS 67A.060 states that urban county governments retain the immunity of county governments. That statute states, in pertinent part: "[u]rban-county governments may exercise the constitutional and statutory rights, powers, privileges, immunities and responsibilities of counties and cities of the highest class within the county." In *Hempel v. Lexington–Fayette Urban County Government,* 641 S.W.2d 51, 53 (Ky.App.1982), *overruled on other grounds by Gas Service Co., Inc. v. City of London,* 687 S.W.2d 144 (Ky.1985), a panel of this

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Ken- tucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Court interpreted and applied KRS 67A.060 to urban county governments. In that case, the plaintiff sued LFUCG for tort damages caused by backup of the sanitary sewer. The Court held that LFUCG, like a county government, is entitled to the protective cloak of sovereign immunity. The application of sovereign immunity to county governments was affirmed by the Kentucky Supreme Court in *Yanero v. Davis,* 65 S.W.3d 510 (Ky.2001).

■ As her first assignment of error on appeal, Phillips argues that LFUCG waived sovereign immunity by virtue of its purchase of private liability insurance, and thus that summary judgment in its favor was in error. In support of this proposition Phillips cites to *Grayson County Bd. of Education v. Casey,* 157 S.W.3d 201 (Ky.2005). LFUCG counters that it has not purchased liability insurance, but is instead a self-insured entity. LFUCG claims that it has employed a claims management and investigation service that provides assistance in investigating claims under the self-insurance retention fund, but that this does not constitute a "policy of liability insurance."

■ Further, LFUCG argues that even if it had purchased liability insurance, such a policy would not constitute a waiver of sovereign immunity. We agree with LFUCG that in order to constitute a waiver of sovereign immunity, the waiver must be so explicit as to leave no room for any other reasonable construction. *See Withers v. University of Kentucky,* 939 S.W.2d 340, 346 (Ky.1997), *citing Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171, 29 S.Ct. 458, 464–65, 53 L.Ed. 742 (1909). In the instant case, merely employing a claims management service to investigate claims under the self-insurance retention fund does not constitute an express waiver of sovereign immunity so explicit as to leave no room for any other reasonable construction.

Regarding Phillips' reliance on *Grayson, supra,* we note that the Kentucky Supreme Court upheld the trial court's dismissal of the Grayson County Board of Education based on sovereign immunity, so it does not support the Appellant's position.

■ Phillips also argues that the doctrine of vicarious liability is applicable to LFUCG. Specifically, Phillips relies on *American General Life & Acc. Ins. Co. v. Hall,* 74 S.W.3d 688 (Ky.2002), and contends that vicarious liability renders LFUCG liable for negligent acts of its employees, Bodkin and Kirby. That case involved a civil rights action alleging sexual discrimination and harassment. We agree with LFUCG that *American General* is not applicable to an action for negligence and that *Yanero, supra,* is the controlling law on the issue of vicarious liability in negligence actions. The Kentucky Supreme Court in *Yanero* specifically held that vicarious liability is precluded by sovereign immunity in negligence actions. *Yanero,* 65 S.W.3d at 527–28.

■ Phillips also makes the argument that the doctrine of *respondeat superior* makes LFUCG liable for the negligence of its employees. However, the law on this issue is well-settled. In *Schwindel v. Meade County,* 113 S.W.3d 159, 163 (Ky. 2003), the Supreme Court stated, "[i]f damages could be recovered against a county on the basis of *respondeat superior,* the concept of sovereign immunity would be largely nullified because state and county governments perform their ministerial functions by and through their agents, servants, and employees." (internal citation omitted). *Respondeat superior* does not and cannot waive the sovereign immunity afforded to LFUCG.

■ Finally, Phillips contends that the Good Samaritan statute, KRS 411.148, waives sovereign immunity. Phillips focuses upon the following language as the basis of her argument that sovereign immunity is waived:

> No ... person certified as an emergency medical technician by the Kentucky Cabinet for Health and Family Services ... shall be liable in civil damages for administering emergency care or treatment at the scene of an emergency outside of a hospital, doctor's office, or other place having proper medical equipment excluding house calls, for acts performed at the scene of such emergency, unless such acts constitute willful or wanton misconduct.

Phillips argues that this statute operates to preclude liability for civil damages for certified emergency technicians/paramedics except where emergency care or treatment is provided as part of a "house call." Reasoning that her 911 request qualifies as a house call, Phillips argues that this statute allows Kirby and Bodkin to be held liable for negligence and therefore constitutes a waiver of sovereign immunity.

However, Phillips completely misunderstands the meaning and purpose of KRS 411.148. This statute is commonly known as the "Good Samaritan" statute. *See Cook v. Taylor*, 2008 WL 3896694 (Ky.App. 2008) (2007–CA–000122–MR). In this statute, the Kentucky General Assembly recognized a public interest in allowing qualified medical personnel to act in the capacity of "Good Samaritans" if such individuals are present at the scene of an emergency. KRS 411.148 enables them to offer emergency medical care without fear of being held liable for negligence. This statute has absolutely no application to emergency care or treatment given by a certified EMT or paramedic while on duty in the course and scope of their employment.

KRS 411.148(2) provides that nothing in this section applies to the administering of such care or treatment where the same is rendered for remuneration or with the expectation of remuneration. In light of this provision, emergency care or treatment rendered as part of one's job duties is treatment rendered for remuneration and is clearly not captured by this statute.

■ We will now address Phillips' argument that the order granting Bodkin and Kirby's motion to dismiss was in error. A motion to dismiss should be granted only where "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union of Kentucky v. Kentucky Jockey Club*, 551 S.W.2d 801 (Ky.1977). When considering the motion, the allegations contained in the pleading are to be treated as true and must be construed in a light most favorable to the pleading party. *See Gall v. Scroggy*, 725 S.W.2d 867 (Ky.App. 1987). The test is whether the pleading sets forth any set of facts which-if proven-would entitle the party to relief. If so, the pleading is sufficient to state a claim. *See* CR 8.01. Since the trial court is not required to make factual findings, the determination is purely a matter of law. *James v. Wilson*, 95 S.W.3d 875, 884 (Ky.App. 2002). Consequently, we review the decision of the trial court *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 718 (Ky.2000).

Phillips argues that the claims filed against Bodkin and Kirby are not time-barred, and therefore the trial court erroneously dismissed them in its order dated October 8, 2009. In the alternative, Phillips argues that the claims against Bodkin and Kirby relate back to the filing of the

original complaint under Civil Rule (CR)15.03.

■ Generally speaking, "[a] new party cannot be brought into a lawsuit by amended complaint when the statute of limitations governing the claim against that party has already expired." *Combs v. Albert Kahn & Associates, Inc.,* 183 S.W.3d 190, 194 (Ky.App.2006) (internal footnote omitted). Because Phillips alleges negligence, the applicable statute of limitations is one year pursuant to KRS 413.140(1)(a). In this case, Phillips' cause of action accrued at the time of the alleged injury, April 9, 2008. She filed her original complaint on April 8, 2009, naming only LFUCG as a defendant. On May 28, 2009, Phillips filed her amended complaint adding a state law negligence claim against Bodkin and Kirby. Unless Phillips' claims against Bodkin and Kirby relate back under CR 15.03, they are time-barred.

An amended pleading that changes or adds defendants only relates back to the filing of the original pleading when (1) the claim in the amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the new party received notice of the institution of the action so that he will not be prejudiced in asserting his defense; and (3) the new party knows or should have known that without the mistake concerning identity, the action would have been brought against him. CR 15.03.

In the instant case, the trial court allowed additional discovery to determine whether the claims in the amended complaint related back to the original complaint. After a hearing, the trial court determined that Bodkin and Kirby did not have notice under CR 15.03(3) that, aside from a mistake of identity, the claims would have been filed against them. Further, the trial court found that Bodkin and Kirby did not have notice of the action at all and would be prejudiced in asserting a defense to the negligence claims, and thus that (2) was not satisfied either.

Our review of the record indicates the same. Obviously Bodkin and Kirby did not receive actual notice within the statutory period that a suit was filed against them, nor did they receive constructive notice that suit was filed against LFUCG. The implied "should have known" notice referred to in CR 15.03(2)(b) applies only when the plaintiff has mistakenly sued the wrong party and the right party "knew or should have known of that fact." *Schwindel v. Meade Co.,* 113 S.W.3d 159, 170 (Ky.2003)(internal citation omitted). It does not apply here, where Phillips "knew when the original complaint was filed that the tortious conduct was committed by the same servants, agents, and employees that they sought to hold liable in their amended complaint." *Id.* Accordingly, as a matter of law the trial court properly determined that under CR 15.03, Phillips' amended complaint did not relate back to the filing of her original complaint.

Discerning no reversible error, we affirm the August 3, 2009, and October 8, 2009, orders of the Fayette Circuit Court.

ALL CONCUR.